# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND CRUZ,

               Petitioner,

   v.

D.G. ADAMS, WARDEN,

               Respondent.

_____/

CV F   05-00479 AWI DLB HC

FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 1]

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

     Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial of first degree burglary.  See Exhibit A, Respondent's Answer.

     In the instant petition for writ of habeas corpus filed April 12, 2005, Petitioner contests the loss of good time credits as a result of a prison disciplinary action.  Exhibit B, Answer.  The disciplinary action was based upon Petitioner being found guilty of manufacturing alcohol, which was discovered in his cell on October 25, 2003.

     Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court,

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer, and Petitioner's traverse.

1   which was denied on April 6, 2004.  Petition, at 5.  Petitioner filed a petition for writ of habeas

2   corpus in the California Court of Appeal, Fifth Appellate District, which was also denied on

3   April 22, 2004.  Id.  Lastly, Petitioner filed a petition for writ of habeas corpus in the California

4   Supreme Court, which was denied on March 23, 2005.  Petition, at 15.

5       In the instant petition, Petitioner contends that he was not afforded proper due process

6   because he was given adequate notice that contraband was found in his cell.

7       On September 12, 2005, Respondent filed an answer to the instant petition, and Petitioner

8   filed a traverse on November 7, 2005.  Court Docs. 7, 10.

9                                          DISCUSSION

10  A.    Jurisdiction

11      Relief by way of a petition for writ of habeas corpus extends to a person in custody

12  pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or

13  treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

14  529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed

15  by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at

16  Pleasant Valley State Prison, California, which is located within the jurisdiction of this Court. 28

17  U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits,

18  such violation affects the duration of a sentence, and the violation may be remedied by way of a

19  petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

20  B.    Standard of Review

21      This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

22  custody pursuant to the judgment of a State court only on the ground that he is in custody in

23  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

24      The AEDPA altered the standard of review that a federal habeas court must apply with

25  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

26  Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will

27  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

28  involved an unreasonable application of, clearly established Federal law, as determined by the

                                             2

1  Supreme Court of the United States;" or "resulted in a decision that was based on an

2  unreasonable determination of the facts in light of the evidence presented in the State Court

3  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the*

4  *Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529

5  U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in

6  its independent judgment that the relevant state court decision applied clearly established federal

7  law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that

8  application must be objectively unreasonable." Id. (citations omitted).

9      While habeas corpus relief is an important instrument to assure that individuals are

10 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394

11 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a

12 petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In

13 addition, the state court's factual determinations must be presumed correct, and the federal court

14 must accept all factual findings made by the state court unless the petitioner can rebut "the

15 presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v.

16 Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110

17 F.3d 1380, 1388 (9th Cir. 1997).

18 C.   Exhaustion of State Court Remedies

19     A petitioner can satisfy the exhaustion requirement by providing the highest state court

20 with a full and fair opportunity to consider each claim before presenting it to the federal court.

21 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon , 88 F.3d 828,

22 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

23 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

24 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

25 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

26 Additionally, the petitioner must have specifically told the state court that he was raising a

27 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888;  Keating v. Hood,

28 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial

court violated her due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d

4

828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to
> the fact that the relevant claim is a federal one without regard to how similar the
> state and federal standards for reviewing the claim may be or how obvious the
> violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent argues that Petitioner has failed to adequately present his federal claim to the state courts, as he merely presented a generalized claim of "due process." Respondent's argument has merit. In his state petition for writ of habeas corpus submitted to the California Supreme Court, Petitioner stated, as he does here, that his due process rights were violated because he was not afforded proper notice pursuant to California Code of Regulations §§ 3327 and 3328. Thus, Petitioner raised the claim solely as a state law claim and did not provide sufficient notice of any federal claim. Further, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999). For purposes of exhausting state remedies, a claim for relief must include reference to a specific federal constitutional guarantee. Gray, 518 U.S. at 162-163; see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000) (a claim is not "fairly presented" to the state court unless the petitioner "specifically indicated to that court that those claims were based on federal law.") Accordingly, Petitioner failed to raise any cognizable federal claim in the state courts, and the instant petition is therefore unexhausted.

D.    Merits of Claim

Notwithstanding the fact that Petitioner failed to exhaust the instant federal petition, the petition is clearly without merit. Petitioner contends that he was not afforded proper due process because he was given adequate notice that contraband was found in his cell, and there was no physical evidence to support the finding of guilt.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution,

1    so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a

2    prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

3    Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472

4    U.S. 445, 454-455 (1984).

5            However, when a prison disciplinary proceeding may result in the loss of good time

6    credits, due process requires that the prisoner receive: (1) advance written notice of at least 24

7    hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety

8    and correctional goals, to call witnesses and present documentary evidence in his defense; and

9    (3) a written statement by the factfinder of the evidence relied on and the reasons for the

10   disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process

11   requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, *citing* United

12   States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

13           As Respondent submits, to the extent Petitioner is relying on the state law regulation of

14   15 California Code of Regulations § 3287(4), which provides for written notice of contraband

15   which is removed from an inmate's cell, this claim is not reviewable via § 2254, and was already

16   resolved against him in the state courts.  See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.

17   1993) (due process does not require prison comply with its own procedures which are more

18   onerous than those required by the Constitution), abrogated on other grounds in Sandin v.

19   Connor, 515 U.S. 472 (1995).  The Superior Court denied the petition as it did not state a

20   cognizable claim for relief.  Exhibit C, Respondent's Answer.

21           Petitioner's claim that he was entitled to immediate notification of the charges and the

22   fact that contraband had been found, fails to state a cognizable federal claim.  Under federal law,

23   there is no requirement that a Petitioner receive immediate notification of the charges against

24   him.  Accordingly, Petitioner's claim is without merit.

25           To the extent Petitioner's claim can be liberally construed to include a challenge to the

26   sufficiency of the evidence, it also fails on the merits.  Respondent submits a copy of the Rules

27   Violation Report ("RVR"), which indicates that a hearing was held on November 5, 2003.

28   Exhibit B, Respondent's Answer.  Petitioner did not object that all of the due process

                                                    6

1  requirements were complied with. <u>Id</u>. at 2.  Petitioner pled not guilty to the charges, stating "I

2  don't have any knowledge of the contraband in my cell." <u>Id</u>.  Petitioner was given the opportunity

3  to call witnesses, but did not request any witnesses at the hearing and none were called.  <u>Id</u>.  The

4  hearing officer found Petitioner guilty of manufacturing alcohol, because in response to a cell

5  search an officer "discovered a plastic bag with a brownish pulpy substance that contained

6  chunks of mashed fruit and juice.  The brownish pulpy substance was warm to the touch and had

7  a strong pungent odor of fermentation and alcohol." <u>Id</u>. at 3.  Petitioner failed to submit any

8  evidence to refute the charges. <u>Id</u>.   This is sufficient evidence to support the finding of guilt.

9       In sum, all due process requirements were satisfied and the guilty finding was supported

10  by "some evidence."  Accordingly, Petitioner's claims are without merit and the petition should

11  be denied.

12  <u>RECOMMENDATION</u>

13      Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of

14  habeas corpus be DENIED.  It is FURTHER RECOMMENDED that the Clerk of Court be

15  DIRECTED to enter judgment.

16       This Findings and Recommendations is submitted to the assigned United States District

17  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

18  the Local Rules of Practice for the United States District Court, Eastern District of California.

19  Within thirty (30) days after being served with a copy, any party may file written objections with

20  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

2  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

3  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

4  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

5  Cir. 1991).

6

7       IT IS SO ORDERED.

8  **Dated:**   **December 8, 2006**              **/s/ Dennis L. Beck**
   3b142a                                    UNITED STATES MAGISTRATE JUDGE

9